UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH M. EVANS,

    *Plaintiff*,

v.

BRYAN KASUL,

    *Defendant*.

Civil Action No. 24-350 (LLA)

**MEMORANDUM OPINION**

Joseph Evans, proceeding pro se, brings this suit against Bryan Kasul, a detective with the D.C. Metropolitan Police Department, alleging constitutional and common-law torts. ECF No. 1, at 1. Detective Kasul moves to dismiss under Federal Rule of Civil Procedure 12(b), arguing, *inter alia*, that Mr. Evans's claims are barred by the applicable statutes of limitations. ECF No. 8, *see* ECF No. 8-1, at 5-8. For the reasons explained below, the court will grant Detective Kasul's motion and dismiss the complaint.

**I.**  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following factual allegations drawn from Mr. Evans's complaint, ECF No. 1, are accepted as true for the purpose of evaluating the motion before the court, *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1250 (D.C. Cir. 2005).

On September 23, 2012, Detective Kasul falsely claimed that Mr. Evans had "kidnapped a white girl at gunpoint and raped her." ECF No. 1, at 2. Detective Kasul "created the[] charges" so that Mr. Evans would be incarcerated. *Id.* at 3. Then, on March 18, 2018, Detective Kasul "charged" Mr. Evans with first-degree sexual assault. *Id.* at 1. As a result, from March 2018 to

November 2018, Mr. Evans was detained at the D.C. Jail, but he "was never convicted." *Id.* This arrest "hurt and humiliated" Mr. Evans, "defamed [his] character," and put him at "risk of being harmed by fellow prisoners who thought [he] was guilty." *Id.*

On February 2, 2024, Mr. Evans brought this action asserting violations of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983, false arrest, and "mental anguish." *Id.* As relief, Mr. Evans seeks expungement of his record and "at least" $8.4 million in damages. *Id.*

In August, Detective Kasul moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that Mr. Evans's claims are barred by the applicable statutes of limitations, that the complaint fails to satisfy Federal Rules of Civil Procedure 8 and 9, and that Mr. Evans otherwise fails to state claims on which relief can be granted. ECF No. 8; *see* ECF No. 8-1. The court issued a *Fox*/*Neal* order informing Mr. Evans that he needed to respond to Detective Kasul's motion by September 23 and that failure to do so could result in dismissal. ECF No. 9. Mr. Evans filed his opposition on September 16, ECF No. 10, and Detective Kasul filed a reply shortly thereafter, ECF No. 11. On October 1, Mr. Evans filed a motion for an extension of time to file his opposition to Detective Kasul's motion to dismiss. ECF No. 12. In it, Mr. Evans represented that he had not received the court's *Fox*/*Neal* order until September 17—the day after he had filed his initial opposition. *Id.* at 1. The court granted the motion and directed that Mr. Evans could file a supplemental opposition by November 15. Oct. 8, 2024 Minute Order. Mr. Evans did not file a supplemental opposition.

## II. LEGAL STANDARD

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint." *Perry v. Scholar*, 696 F. Supp. 2d 91, 95 (D.D.C. 2010) (quoting *Turner v. Afro-Am. Newspaper Co.*, 572 F. Supp. 2d 71, 71 (D.D.C. 2008)).

Pleadings by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). This liberal construction "is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). Thus, even a pro se complaint "must still present a claim on which the [c]ourt can grant relief" in order to survive a motion to dismiss under Rule 12(b)(6). *Ferebee v. United Med. Ctr.*, 300 F. Supp. 3d 271, 275 (D.D.C. 2018) (quoting *Budik v. Dartmouth-Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013)).

### III.    DISCUSSION

Detective Kasul raises several arguments in support of his motion to dismiss, but the court needs to consider only one: whether Mr. Evans's claims are barred by the applicable statutes of limitations. The court concludes that each claim is beyond its statute of limitations and, accordingly, it must dismiss the complaint.

The purpose of a statute of limitations is "to protect defendants against stale or unduly delayed claims." *Credit Suisse Secs. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (quoting *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)). Statutes of limitations vary by the cause of action, so the court will consider the relevant statute of limitations for each of Mr. Evans's claims.

*Section 1983.* Mr. Evans brings two claims under Section 1983, alleging that Detective Kasul violated his rights under the Eighth and Fourteenth Amendments.[1] Section 1983 does not provide a specific statute of limitations, so courts apply the relevant state statute of limitations for personal-injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In the District of Columbia, the relevant statute of limitations is the three-year residual statute of limitations under D.C. Code § 12-301(8). *Singletary v. District of Columbia*, 351 F.3d 519, 529 n.11 (D.C. Cir. 2003).

"A federal court considering a [S]ection 1983 claim also applies the tolling rules of the jurisdiction from which it draws the limitations period so long as those rules are not 'inconsistent with the policies underlying [Section] 1983.'" *Earle v. District of Columbia*, 707 F.3d 299, 305 (D.C. Cir. 2012) (quoting *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 487 (1980)). Under District of Columbia law, the statute of limitations is tolled if "at the time the right of action accrues," the "person entitled to maintain [the] action is" either "under 18 years of age," "non compos mentis," or "imprisoned." D.C. Code § 12-302(a)(1) to (3).

While state law supplies the applicable statute of limitations and tolling principles, federal law controls when a Section 1983 claim accrues. *Wallace*, 549 U.S. at 388. Under federal law, a Section 1983 claim accrues "when the plaintiff has 'a complete and present cause of action.'" *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (quoting *Rawlings v. Ray*, 312 U.S. 96, 98 (1941)).

Mr. Evans's first claim accrued on September 23, 2012, when Detective Kasul allegedly falsely accused him of kidnapping and rape, ECF No. 1, at 2, and his second claim accrued on

---

[1] The Fourteenth Amendment does not apply to the District of Columbia or its officers, *see Bolling v. Sharpe*, 347 U.S. 497, 499 (1954); *Cooper v. District of Columbia*, 548 F. Supp. 3d 170, 178 (D.D.C. 2021), so the court will construe the claim as arising under the Fifth Amendment.

March 18, 2018, when Detective Kasul allegedly falsely accused him of first-degree sexual assault, *id.* at 1, because Mr. Evans would have known on the day of each false accusation that he had complete cause of action. *See Wallace*, 549 U.S. at 388 ("There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention[.]"). Mr. Evans does not allege any further details about the September 2012 accusation that would support tolling the three-year statute of limitations; accordingly, the statute of limitations expired in September 2015, nearly nine years before he brought suit in February 2024. Mr. Evans fares no better with his claim about Detective Kasul's alleged false accusation in March 2018. While Mr. Evans alleges that he was detained from March 2018 to November 2018 as a result of the accusation, which would toll the statute of limitations under D.C. Code § 12-302(a)(3), that would mean that he had until November 2021 to file suit; again, his February 2024 complaint was well beyond the statute of limitations.

  *False arrest and "mental anguish."* The statute of limitations for a common-law false-arrest claim is one year. *Id.* § 12-301(a)(4). There is no common-law tort of "mental anguish," but the court will assume that the District's three-year residual statute of limitations would apply to such a claim. *See Saunders v. Nemati*, 580 A.2d 660, 665 (D.C. 1990) (applying Section 12-301(8)'s three-year statute of limitations to the plaintiff's claim for intentional infliction of emotional distress). Both of these claims would have accrued on the days Detective Kasul made his allegedly false allegations, *see Wallace*, 549 U.S. at 388; accordingly, they are untimely for the same reasons as Mr. Evans's Section 1983 claims.

## IV. CONCLUSION

For the foregoing reasons, the court will grant Officer Kasul's Motion to Dismiss, ECF No. 8. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date: March 14, 2025